## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

SELENA V. CRUTHIRD AND DWAYNE
M. CRUTHIRD
                        Plaintiffs.
v.

BOSTON POLICE DEPARTMENT,
COMMISSIONER EDWARD F. DAVIS,
CITY OF BOSTON, MAYOR THOMAS M.
MENINO, BPD OFFICERS ANTHONY
ALEXIS AND OFFICER STOKINGER
AND JACQUES LEFEVRE OF ANDRE'S
BEAUTY SUPPLY
                        Defendants.

## NOTICE OF REMOVAL
## (PURSUANT TO 28 U.S.C. § 1441)

The defendants, Boston Police Department, City of Boston, Commissioner Edward F.

Davis, Mayor Thomas M. Menino, Officer Anthony Alexis, and Officer Stokinger (collectively,

the "City defendants") hereby give notice of the removal of this action - pursuant to 28 U.S.C. §

1441 – from the Suffolk Superior Court, where this action is currently pending.  In Superior

Court, the case is docketed as Civil Action No. 2010-00631 and has the same caption as above.

In support of this notice, the City defendants state:

1.    The action appears to be grounded in the laws and Constitution of the United States of

America.  Paragraphs 42a –d allege that the City defendants violated Plaintiff's First,

Fourth, Fifth and Eighth Amendment rights under the United States Constitution.  (See

Plaintiff's Verified Civil Action Complaint, attached as Exhibit "1").

2.    Accordingly, the Plaintiff's claims for relief clearly arise under the Constitution,

treaties or laws of the United States and therefore is subject to removal under 28 U.S.C.

§ 1441(b).

3.    A fair reading of the facts and theories as a whole makes it apparent that federal constitutional law and issues are essential to this case and therefore the City of Boston has a statutory right to remove this action.

4.    This notice of removal has been filed within thirty (30) days from service of Plaintiff's complaint upon the City defendants. (See Plaintiff's Summonses attached as Exhibits "2", "3", "4", "5", "6", & "7").

5.    The attorneys for the City defendants and Jacques Lefevre consent to the removal.

6.    It appears from the Plaintiff's Complaint that there is no claim involving a federal question for defendant, Jacques Lefevre.  Therefore, it is not necessary to obtain his consent for removal.  Ray v. Classic Cars, William Kenney and the Commonwealth of Massachusetts, 762 F.Supp. 421 (1991).

<u>**CERTIFICATE OF SERVICE**</u>

      I, Lisa A. Skehill, hereby certify that on this date I served a copy of the foregoing document via mail to the Plaintiffs acting *pro se* and Co-Defendant Jacques Lefevre at:

Selena V. Cruthird, *pro se*
61 Gladeside Avenue
Mattapan, MA 02126

Dwayne M. Cruthird, *pro se*
2  Clark Street
P.O. Box 43
Norfolk, MA 02056

Jacques Lefevre
90 River Street
Mattapan, MA 02126

<u>/s/ Lisa A. Skehill</u>
Lisa A. Skehill

Date: <u>March 15, 2010</u>

Respectfully submitted,
BOSTON POLICE DEPARTMENT,
COMMISSIONER EDWARD F. DAVIS, CITY
OF BOSTON, MAYOR THOMAS M. MENINO,
BPD OFFICERS ANTHONY ALEXIS AND
OFFICER STOKINGER
By their attorney,
William F. Sinnott, Corporation Counsel

<u>/s/ Lisa A. Skehill</u>
Lisa A. Skehill, BBO# 675344
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4022
Lisa.Skehill@cityofboston.gov

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL TRIAL DIVISION
NO. 2010-00631-B

SELENA V. CRUTHIRD
and
DWAYNE M. CRUTHIRD
PLAINTIFFS.

JURY TRIAL
DEMAND

VS.

BOSTON POLICE DEPARTMENT
COMMISSIONER EDWARD F. DAVIS
CITY OF BOSTON
MAYOR THOMAS M. MENINO
BPD OFFICERS ANTHONY ALEXIS
and OFFICER STOKINGER
and
JACQUES LEFEVRE of
ANDRE'S BEAUTY SUPPLY
DEFENDANTS.

## VERIFIED CIVIL ACTION COMPLAINT

### Introductory Statement

1.    This is an action for damages sustained by a citizen of
the United States and resident of the Commonwealth of
Massachusetts against the Defendants of the Suffolk County,
who directly and indirectly unlawfully arrested, prosecuted
and harassed the Plaintiff Selena V. Cruthird.

2.    The action is against the Boston Police Commissioner
Edward F. Davis, among others, as the supervisor officer
responsible for the conduct of the Defendants BPD Officers

1

Alexis and Stokinger and for the Commissioner's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the City of Boston and Mayor Thomas M. Menino as the employer of the police personnel which is sued as a person under 42 U.S.C. § 1983.

## Jurisdiction

3.    This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Civil Rights Act of 1870, and M.G.L.c. 12, §§ 11H-11I, M.G.L.c. 272, § 98, M.G.L.c. 214, § 2, M.G.L.c. 231, § 1.

## Parties

4.    Plaintiff Selena V. Cruthird is a resident of Boston, and at all time relevant to the allegations of this verified complaint was a citizen of the United States and a resident of the Commonwealth of Massachusetts in Suffolk County. Currently she resides at 61 Gladeside Avenue, Mattapan, Mass., 02126.

5.    Plaintiff Dwayne M. Cruthird is a resident of Boston, and at all time relevant to the allegations of this verified complaint was a citizen of the United States and a resident of the Commonwealth of Massachusetts in Suffolk County. Currently he resides at 2 Clark Street, P.O. Box 43, Norfolk, Mass., 02056.

2

6.    At all times relevant to this action, Defendant Officer Stokinger, was a Boston Police Officer employed by the Boston Police Department to perform duties in the town of Mattapan and was assigned to the B3 Precinct.

a.    At all relevant times, this defendant was acting as the agent, servant, and employee of defendant Boston Police Department.

b.    This defendant is sued individually and in his official capacity.

7.    At all time relevant to this action, Defendant Officer Alexis, was a Boston Police Officer employed by the Boston Police Department to perform duties in the town of Mattapan and was assigned to the B3 Precinct.

a.    At all relevant times, this defendant was acting as the agent, servant, and employee of defendant Boston Police Department.

b.    This defendant is sued individually and in his official capacity.

8.    At all times relevant to this action, Defendant Edward F. Davis was the duly appointed Commissioner of the Boston Police Department. In this capacity, the Commissioner was:

a.    The commanding officer of defendants Officer Stokinger and  Officer Alexis and was responsible for their training, supervision, and conduct.

b.    Responsible by law for enforcing the regulations of the Boston Police Department and for ensuring that Boston Police personnel obey the laws of the State of Massachusetts and of the United States.

c.    Acting as the agent, servant, and employee of the defendant Boston Police Department, this defendant is sued individually and in his official capacity.

9.    The Defendant Boston Police Department is a municipal corporation within the State of Massachusetts and, at all relevant times, it employed the same defendants herein.

10.    At all times relevant to this action, Defendant Thomas  M. Menino was the duly elected Mayor of the City of Boston, and is responsible for conduct of the Boston Police Department and its agents.

11.    At all times relevant to this action, Defendant Jacques Lefevre was the owner of Andre's Beauty Supply, 90 River Street, Mattapan, Mass., 02126.

12.    At all relevant times and in all their actions, the Defendants Edward F. Davis, Officers Alexis and Stokinger, and Boston Police Dept., did act under color of law and pursuant to their authority as police personnel.

## Factual Allegation

13.    On December 20, 2008, Plaintiff Selena V. Cruthird was browsing through Andre's Beauty Supply in Mattapan. She Ms.

4

Cruthird was accompanied by Antoinette Richardson.

14.  Ms. Cruthird did pick-up and observed the $4.00 hair coloring product in question, and placed it back down.

15.  When Ms. Cruthird started to leave Andre's Beauty Supply she was confronted by Defendant Lefevre, alleging she had stolen the hair coloring product, and called the Boston Police Department who deployed Officers Alexis and Stokinger.

16.  Ms. Cruthird believed she was not free to leave once Lefevre told her that the police were called, and feared personal injury and/or personal difficulty would ensue if she did not submit.

17.  Ms. Cruthird had denied having stolen any such hair product.

18.  Shortly thereafter, Boston Police Officers Alexis and Stokinger had physically taken Ms. Cruthird and Ms. Richardson into custody for shoplifting, trespassing and disorderly conduct.

19.  Notwithstanding, Lefevre told the Officers that Ms. Cruthird did not steal such hair product and did not wish to pursue any legal action against Ms. Cruthird.

20.  In doing so, as a direct result of Ms. Cruthird professing her innocence, she was maliciously arrested for disorderly conduct, and trespassing, although no crime had been committed.

21.  Both Ms. Cruthird and Ms. Richardson were then handcuffed in front of other shoppers in the parking lot and transported to the B3 Precinct, although there was no grounds for their arrest.

5

22.   The Defendants Officers Alexis and Stokinger arrested Ms. Cruthird at the request, counsel, and command of one another.

23.   This arrest was made without warrant or other legal process and was unlawful, in that no crime had been committed and in that there was no reason or cause for belief that Mr. Cruthird had committed any crime.

24.   In performing all of these acts, Defendants Officers Alexis and Stokinger were acting willfully and maliciously.

25.   After having been arrested, Ms. Cruthird was held in custody and restrained for approximately six (6) hours, until later in the evening of December 20, 2008, when she was released and discharged by posting bail.

26.   While under arrest and deprived of her liberty, Ms. Cruthird was taken to area B3 Precinct fingerprinted and booked, that is to say Ms. Cruthird's name and pedigree were entered on the police records according to the police practice on the arrest of criminals; and a charge entered noting that Ms. Cruthird had been arrested for disorderly conduct, shoplifting and trespassing.

27.   Prior to this arrest, Ms. Cruthird had enjoyed a good reputation in and about the City of Boston and Municipality of Mattapan.

28.   Thereafter and on December 22, 2008, a hearing was held before Judge McCormick, J., and Ms. Cruthird was tried upon

6

the charges of shoplifting, disorderly conduct and trespassing
in the Dorchester District Court and was then and there acquitted
and discharged, and, thereby, the prosecution was wholly terminated,
with a public apology.

29.  By reason of the malicious prosecution of Ms. Cruthird
by the Defendants Officers Alexis and Stokinger as alleged,
Ms. Cruthird was subjected to great indignity and humiliation,
pain, and distress of mind and body, was prevented from attending
to her usual place of work, at Beth Isreal Hospital, and was
injured in her good name and reputation in the community, all
to her damage.

30.  By reason of the same allegations herein stated against
Ms. Cruthird by the Defendants Officers Alexis and Stokinger,
Mr. Cruthird, the husband, was injured in the same manner, in
the way of loss of consortium by injury to his wife.

31.  The abuse to which Ms. Cruthird was subjected was consistent
with an institutionalized practice of the Boston Police Department
which was known to and ratified by Defendants Mayor Menino and
Commissioner Edward Davis, and City of Boston.

32.  Despite knowledge of these institutionalized practices,
the same Defendants have at no time taken any effective action
to prevent Boston Police personnel from continuing to engage in
this type of misconduct.

33.  Defendants Menino, Davis and City of Boston had prior

7

notice of the vicious propensities of Defendants Officers Alexis and Stokinger but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

34.    The failure of Defendants Menino, Davis and City of Boston to properly train Defendants Officers Alexis and Stokinger included the failure instruct them in applicable provisions of State penal law of the State of Massachusetts and the proper and prudent use of force.

35.    Defendants Menino, Davis and City of Boston authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

   a.    failing to properly discipline, restrict, and control employees, including Defendants Officers Alexis and Stokinger, known to deal with citizens of the community;

   b.    failing to forward to the Office of the District Attornney of Suffolk County evidence of criminal acts committed by police personnel;

   c.    failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

36.    The conduct of Defendants Menino, Davis and City of Boston also constitutes gross negligence under state law.

37. As a consequence of the abuse of authority detailed above, the Plaintiffs sustained the damages alleged above.

38. Prior to instituting this action, the Plaintiffs filed an administrative claim with the Mayor of the City of Boston, in the settlement amount of $100,000.00 for the conduct of the Defendants in connection with the false arrest, inter alia.

39. Under the laws of the State of Massachusetts, this claim was denied by operation of law by virtue of the Mayor's failure to act on it within six months.

40. Prior to instituting this action, the Plaintiffs filed a claim with the Defendant Lefevre in the settlement amount of $50,000.00, for his conduct in connection with the false arrest, inte alia.

41. Under the laws of the State of Massachusetts, this claim was denied by operation of law by virtue of Lefevre's failure to act on it within six months.

## Federal Theories of Recovery

42. The actions and omissions described above, engaged in under color of state authority by the defendants (including Defendant the City of Boston, sued as a person and responsible because of its authority, condonation, and ratification of the acts of its agents), deprived the Plaintiff Ms. Cruthird of rights secured to her by the Constitution of the United States, including, but not limited to , the Plaintiff's:

9

a.    First Amendment right to freedom of expression;

b.    Fourth Amendment right to be free from unlawful seizure of her person;

c.    Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and

d.    Eighth Amendment right to be free from cruel and unusual punishment.

## State Law Theories of Recovery

43.    The Plaintiffs caused a written notice of claim to be filed with and served on the proper officers, agents, and employees of the Defendant City of Boston pursuant to the claims statutes governing these cases, along with the same upon Defendant Lefevre by certified mail.

44.    Plaintiff's claims have been denied by operation of law because the six (6) months have elapsed since the service of the notice of claims, and adjustment or settlement of the claims have been neglected or refused.

45.    The acts and conduct alleged above constitute an actionable tort under the laws of the State of Massachusetts, including but not limited to the following torts of:

a.    False Arrest and Imprisonment;

b.    Malicious Prosecution;

c.    Abuse of Process;

d.    Negligence;

e.    Gross Negligence;

f.    Civil Rights violations; and

g.    Massachusetts Constitutional Rights.

### Prayers for Relief

Wherefore, the Plaintiffs demand the following relief:

1.    Compensatory damages in the amount of $500,000.00 (Five Hundred Thousand Dollars), against the Defendants Mayor Menino, Commissioner Davis, Officers Alexis and Stokinger, collectively and or individually;

2.    Compensatory damages in the amount of $200,000.00 (Two Hundred Thousand Dollars), against the Defendant Lefevre;

3.    Compensate the Plaintiff's full amount of loss wages for time off work as a direct result of such abuse, in the amount of $192.24¢;

4.    Award Plaintiffs costs associated with such litigation;

5.    Award Attorney's and Paralegal Fees pursuant to 42 U.S.C. § 1988; and

6.    All other relief that this Court deems is appropriate under the circumstances.

### VERIFICATION

WE, SELENA V. CRUTHIRD AND DWAYNE M. CRUTHIRD, BOTH HEREBY VERIFY THAT THE FOREGOING FACTS ARE TRUE AND CORRECT TO THE BEST OF OUR PERSONAL KNOWLEDGE, AND FURTHER SOWN TO IN ACCORD WITH SUPERIOR COURT RULE 15.

Respectfully submitted,
By the Plaintiff

Selena V. Cruthird, <u>pro</u> <u>se</u>
61 Gladeside Avenue
Mattapan, MA 02126


Dated: 8 FEB 10

Respectfully submitted,
By the Plaintiff

Dwayne M. Cruthird, <u>pro</u> <u>se</u>
2 Clark Street
Post Office Box 43
Norfolk, MA 02056

Dated: 8 FEB 10

2

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _10 - 0631_

S̲e̲l̲e̲n̲a̲ ̲V̲.̲ ̲C̲r̲u̲t̲c̲h̲i̲e̲d̲,̲ ̲E̲t̲.̲ ̲A̲l̲., Plaintiff(s)

v.

C̲i̲t̲y̲ ̲o̲f̲ ̲B̲o̲s̲t̲o̲n̲, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon D̲w̲a̲y̲n̲e̲ ̲M̲.̲ ̲C̲r̲u̲t̲c̲h̲i̲e̲d̲

plaintiff's attorney, whose address is P̲.̲O̲.̲ ̲B̲o̲x̲ ̲4̲3̲,̲ ̲N̲o̲r̲f̲o̲l̲k̲,̲ ̲M̲A̲.̲,̲ ̲0̲2̲0̲5̲6̲ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2010-0631

SELENA V. CRUTCHER, ET AL. , Plff(s).

v.

CITY OF BOSTON , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

March 4 , 2010.

**N.B.    TO PROCESS SERVER: —**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

---

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on March 4 , 2010 , I served a copy of the within summons,
together with a copy of the complaint in this action, upon the within-named defendant, in the following
manner (See Mass. R. Civ. P. 4 (d) (1-5):

CERTIFIED MAIL

Dated: March 4 , 2010

3

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _10 - 0631_

_Selena V. Cruthird, et al._ , Plaintiff(s)

v.

_Boston Police Dept._ , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

To the above-named Defendant:

You are hereby summoned and required to serve upon _Dwayne M. Cruthird_

plaintiff's attorney, whose address is _P.O. Box 43, Norfolk, Ma., 02056_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

_Michael Joseph Donovan_

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on March 4, 2010, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

CERTIFIED MAIL

Dated: MARCH 4, 2010.

N.B. TO PROCESS SERVER: –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| MARCH 4 , 2010. |
|---|

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2010-0631

SELENA V. CERTAIN, ET. AL., Plff(s).

v.

BOSTON POLICE DEPT., Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

4

# Commonwealth of Massachusetts

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _10-0631_

_Selena V. Cruthied, et. al._ , Plaintiff(s)

v.

_Edward F. Davis_ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Dwayne M. Cruthied_

plaintiff's attorney, whose address is _P.O. Box 43, Norfolk, MA., 02056_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

_Michael Joseph Donovan_

Clerk/Magistrate

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

**Commonwealth of Massachusetts**

SUFFOLK, ss.                    SUPERIOR COURT DEPARTMENT
                                OF THE TRIAL COURT
                                CIVIL ACTION
                                No. 2010-0631

SELENA V. GONZALEZ, ET. AL., Plff(s).

v.

EDWARD F. DAVIS _____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

---

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ March 4 , 2010 , I served a copy of the within summons,
together with a copy of the complaint in this action, upon the within-named defendant, in the following
manner (See Mass. R. Civ. P. 4 (d) (1-5)):

CERTIFIED MAIL

Dated: March 4 , 2010

_____

N.B.    TO PROCESS SERVER:—
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

March 4 , 2010.

5

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _10 - 0631_

~~Selena V. Crutchied, et. al.~~ , Plaintiff(s)

v.

~~Officer Anthony Alexis~~ , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon ~~Dwayne M. Crutchied~~

plaintiff's attorney, whose address is ~~P.O. Box 43, Norfolk, MA, 02056~~ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on March 4, 2010, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

Certified Mail

Dated: March 4, 2010.

[signature]

**N.B. TO PROCESS SERVER: –**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| |
|---|
| March 4, 2010. |

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2010-0631

Selena V. Crutchfield, et. al., Plff(s).

v.

Officer Anthony Alexis, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

6

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _10 - 0631_____

_SELENA V. CRUTCHER, ET. AL._, Plaintiff(s)

v.

_OFFICER STOKINGER_, Defendant(s)

## SUMMONS

To the above-named Defendant:

    You are hereby summoned and required to serve upon _DWAYNE M. CRUTCHER_

plaintiff's attorney, whose address is _P.O. BOX 43, NORFOLK, MA., 02056_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

_Michael Joseph Donovan_

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2010-0631

SELENA V. CRISTALDO, ET. AL. , Plff(s).

v.

OFFICER STOLINGER , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

---

**N.B.   TO PROCESS SERVER: –**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| March 4, 2000. |
| --- |

---

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on March 4, 2000, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

CERTIFIED MAIL

Dated: March 4, 2000

7

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _10 - 0631_

Selena V. Crutcher, Et. Al. , Plaintiff(s)

v.

Thomas M. Menino , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon Dwayne M. Crutcher

plaintiff's attorney, whose address is P.O. Box 43, Norfolk, MA., 02056 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  Barbara J. Rouse, Esquire, at Boston, the _____ day of
_____ , in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2010-0631

SELENA V. CROWDER ET AL., Plff(s).

v.

THOMAS M. MENINO, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)
(AFFIX FILING STAMP HERE)

March 4, 2000.

**N.B.   TO PROCESS SERVER:—**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on March 4, 2000, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

CERTIFIED MAIL

Dated: March 4, 2000.