UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
SELENA V. CRUTHIRD, ET AL.,      )
      Plaintiffs,                )
                                 )
               v.                )
                                 )      CIVIL ACTION NO. 10-10438-PBS
                                 )
BOSTON POLICE DEPARTMENT,        )
ET AL.,                          )
      Defendants.                )
```

MEMORANDUM AND ORDER
June 3, 2010

SARIS, D.J.

## I.  INTRODUCTION

This action involves a claim by plaintiff Selena Cruthird

("Selena") stemming from an incident in which she alleges she was

falsely arrested for, *inter alia*, shoplifting.  Selena contends

defendants' actions were racially motivated.  Her husband,

plaintiff Dwayne Cruthird ("Dwayne"), also asserted a loss of

consortium claim based on the alleged injuries to Selena.

On April 28, 2010, this Court issued an Order of Dismissal

(Docket No. 20) dismissing this action in its entirety for

failure to prosecute because Selena failed to appear at a

scheduling conference that day.  The action was dismissed without

prejudice unless she demonstrated good cause within 30 days why

this case should be re-opened.  Further, with respect to Dwayne's

loss of consortium claim, this Court found that he failed to

state a cognizable claim because he was incarcerated and thus

could not have lost the consortium of his wife based on the
alleged false arrest incident and its aftermath.

    Thereafter, on May 7, 2010, plaintiffs filed a number of
motions and other pleadings, including a Motion for Leave to File
an Amended Complaint (Docket No. 21) and a proposed Amended
Complaint with exhibits (Docket No. 21-1).[1]  The proposed Amended
Complaint asserts negligence, negligent training and supervision,
negligent and/or intentional infliction of emotional distress,
civil rights violations under 42 U.S.C. § 1983 and under the
Massachusetts Civil Rights Act.  It also reasserts a claim by
Dwayne for loss of consortium.

    In addition to these pleadings, that same day, plaintiffs
filed an Opposition to defendants' Motion to Dismiss (Docket No.
22), along with an accompanying Memorandum of Law (Docket No.
23), contending that dismissal is not appropriate because Selena
states viable claims under § 1983, and the defendants are not
entitled to qualified immunity.  Plaintiffs allege in their
Memorandum claims for False Arrest and Imprisonment, Malicious
Prosecution, Abuse of Process, and other violations of
Massachusetts law.  Plaintiffs also assert that the negligence
claims of Selena provide the vehicle for Dwayne to assert a loss

--------

[1]    The pleadings are dated May 10, 2010, but were received by
the Clerk's Office on May 7, 2010.

2

of consortium claim.  While conceding that they did not have a sexual relationship [due to his incarceration], Dwayne argues that loss of consortium nevertheless is a cognizable cause of action because Selena suffered severe emotional distress, and his own cause of action arises out of that distress.

Plaintiffs also filed a Motion to Receive Defendant City of Boston's Memorandum to Dismiss (Docket No. 25), contending that they inadvertently received a memorandum in support of the motion to dismiss from an unrelated case.

Further, Selena filed a Status Report and Motion to Reopen Case (Docket No. 26) seeking to reopen her case.  She states that she failed to appear at the scheduling conference because she believed Dwayne would represent her best interests, that she misinterpreted the scheduling order, that she had to work, and that she had to care for a child as a single parent.

Finally, contemporaneous to these other pleadings, plaintiffs filed a Notice of Voluntary Dismissal (Docket No. 24) seeking to dismiss their claims raised under the Fifth and Eighth Amendment.

In response to plaintiffs' request to reopen this case and to file an Amended Complaint, the defendants filed Oppositions (Docket Nos. 27, 28) contending that Selena's explanation regarding her failure to appear was insufficient to warrant

reopening of this action.  They also contend that the request is
untimely, and seek to have the pleadings stricken because, they
assert, they were filed in defiance of this Court's instructions
that Dwayne, as a non-lawyer, is prohibited from representing
individuals other than himself.  Defendants argue that the
pleadings clearly demonstrated that Dwayne drafted and submitted
pleadings on Selena's behalf.

## II. DISCUSSION

### A.    The Motion to Reopen

This Court disagrees with the defendants' contention that
Selena's excuses for failing to appear at the scheduling
conference is insufficient.  Given the serious civil rights
allegations presented, combined with the fact that Selena is
unrepresented by legal counsel, it is not clear to this Court
that she fully understood the implications of her non-appearance
at the scheduling conference, particularly since she thought an
appearance by her husband would be acceptable.  While she perhaps
should have sought assistance of the Court if she misunderstood
the scheduling order, or if she had a scheduling conflict due to
child care or work, the Court will not penalize her for failing
to do so.  Further, this Court is not convinced that Selena
should have known that a non-lawyer husband could not represent

4

his wife.  Accordingly, the Motion to Reopen (Docket No. 26) is

<u>ALLOWED</u>.

Notwithstanding this allowance, however, Selena must

understand that her husband Dwayne is not authorized to practice

law, and he is prohibited from practicing law in this Court.[2]

That means that he may <u>not</u> file documents on her behalf.  He may

only file documents in support of his own claim, and every

document filed by Selena from this point on must contain her

signature in accordance with Rule 11 of the Federal Rules of

Civil Procedure, and she will be held to account for any *pro se*

filing under her name.  While this Court cannot dictate to Selena

the persons to whom she may turn for advice or assistance with

her claims, she must understand that in proceeding *pro se*, she

will be called upon to represent herself in court at all times

and may not rely on her husband to appear for her either at

conferences, hearings, or at trial.[3]  Further, in continuing with

---

[2]   Section 1654 of Title 28 of the United States Code, does not
allow unlicenced lay-people to represent other individuals.  <u>See</u>
<u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994);
<u>Eagle Assocs. v. Bank of Montreal</u>, 926 F.2d 1305, 1308 (2d Cir.
1991); 28 U.S.C. § 1654.  Moreover, the Local Rules of this Court
prohibit such representation.  <u>See</u> Local Rule 83.5.3(c). ("A
person who is not a member of the bar of this court, and to whom
sections (a) and (b) are not applicable, will be allowed to
appear and practice before the court only on his own behalf.")

[3]   At this juncture, this Court does not find that exceptional
circumstances exist to appoint *pro bono* counsel, nor has she
demonstrated that she is indigent and unable to afford counsel or

this action, Selena must be prepared to prosecute this action to conclusion.  In other words, should this case be assigned for trial, she will be expected to represent herself during trial, and may not rely on Dwayne in this regard.

In order to ensure that Selena wishes to pursue this action under these parameters, and in order to avoid the waste of judicial resources, Selena is ordered to file a written statement with this Court within seven (7) days from the date of this Memorandum and Order certifying that she presently has the intention to proceed with this action *pro se* in all stages of the litigation (unless she is represented by duly-licensed counsel), and that she understands that her husband Dwayne will not be permitted to represent her at any time, including trial.

Failure of Selena to file such certification as directed will result in the dismissal of all of her claims.

## B.   The Motion for Leave to File Amended Complaint

In light of the reopening of this action, and upon reconsideration of Dwayne's arguments concerning the plausibility of his loss of consortium claim, this Court will permit the

---

that she has made any efforts to obtain counsel on her own. However, the Clerk shall provide Selena with a List of Legal Service Providers in the event that Selena wishes to make her own efforts to obtain legal advice, assistance, or representation at no cost or low cost.

proposed Amended Complaint to be filed.  The Court takes no position at this juncture as to the factual support for the loss of consortium claim, and will permit the parties an opportunity for discovery on this issue and for dispositive motion practice if appropriate.

Accordingly, the Motion for Leave to File Amended Complaint (Docket No. 21) is <u>ALLOWED</u>.  The proposed Amended Complaint (Docket No. 21-1) shall constitute the operative pleading in this action.[4]  Plaintiffs will not be permitted to further amend the Amended Complaint absent leave of court upon good cause shown. Any motions to dismiss the Amended Complaint shall be filed by the defendants within 14 days of the date of this Memorandum and Order.

**C.   <u>The Motion/Notice of Voluntary Dismissal</u>**

The defendants have not interposed any specific objection to the plaintiff's Notice of Voluntary Dismissal in connection with their later-filed Opposition to plaintiffs' motions.  Therefore, the Motion/Notice of Voluntary Dismissal of plaintiffs' Fifth and Eighth Amendment claims (Docket No. 24) is <u>ALLOWED</u>.

---

[4]    To the extent that the Amended Complaint and the Memorandum in Opposition (Docket No. 23) conflict as to the causes of action raised, the Amended Complaint is deemed to be the controlling pleading.

7

D.      __The Request to Strike Pleadings__

In their Opposition (Docket No. 27), defendants seek an
Order of this Court striking plaintiff's Opposition to the City
Defendants' Motions to Dismiss as untimely, insofar as the
motions to dismiss were filed on April 22, 2010 and plaintiffs
did not file their opposition until May 10, 2010.

The Court does not find sufficient grounds have been
interposed to strike the plaintiffs' Opposition, given their
position that they did not receive proper service of the
pleading; rather, they contend that they inadvertently received a
memorandum in support of the motion to dismiss from an unrelated
case.  In any event, the matter is moot given this Court's denial
of the motion to dismiss as moot in light of the grant of the
Motion to Reopen and leave to file an Amended Complaint.  See
¶ E, *infra*.

Finally, with respect to defendants' argument that this
Court should strike the Opposition because it was drafted and
prepared by Dwayne on behalf of Selena in defiance of this
Court's instructions that he is prohibited from prosecuting
Selena's claims, this Court rejects this ground.  While it is
true that Dwayne may not prosecute claims on behalf of Selena,
because she has signed the Opposition (Docket No. 22), this Court

is not prepared to find that the Orders of this Court have been blatantly violated.

Accordingly, for the reasons stated above, the defendants' request to strike the plaintiffs's Opposition to the Motion to Dismiss (contained in the Opposition, Docket No. 27) is hereby <u>DENIED</u>.

**E.    <u>The Motion to Dismiss and Plaintiff's Motion to Order
       Defendant City of Boston to a Submit Memorandum</u>**

In light of the rulings in this Memorandum and Order reopening this action and permitting the filing of an Amended Complaint, the defendants Motion to Dismiss (Docket No. 14) is moot, and therefore is <u>DENIED</u> without prejudice to renew a motion based on the Amended Complaint, within 14 days of the date of this Memorandum and Order, as noted above.

Moreover, the plaintiffs' request for service of a copy of the City of Boston's Memorandum in Support of the Motion to Dismiss (Docket No. 25) is also moot; however, the motion is <u>ALLOWED</u> and counsel for the City of Boston is directed to send plaintiffs the requested document, as it appears they were never served that document.

### III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.    Plaintiffs' Motion to Reopen (Docket No. 26) is <u>ALLOWED</u>;
      The Clerk shall re-open this case on the Court dockets;

2.    Plaintiff Selena Cruthird is ordered to file a written
      statement with this Court within seven (7) days from the
      date of this Memorandum and Order certifying that she
      presently has the intention to proceed with this action *pro
      se* in all stages of the litigation (unless she is
      represented by duly-licensed counsel), and that she
      understands that her husband Dwayne will not be permitted to
      represent her at any time, including trial.  Failure of
      plaintiff to file such certification as directed will result
      in the dismissal of all of her claims.

3.    Plaintiffs' Motion for Leave to File Amended Complaint
      (Docket No. 21) is <u>ALLOWED</u>.  The proposed Amended Complaint
      (Docket No. 21-1) shall constitute the operative pleading in
      this action, and plaintiffs will not be permitted to further
      amend the Amended Complaint absent leave of court upon good
      cause shown;

4.    Any motions to dismiss the Amended Complaint shall be filed
      by the defendants within 14 days of the date of this
      Memorandum and Order.

5.    Plaintiffs' Motion/Notice of Voluntary Dismissal of their
      Fifth and Eighth Amendment claims (Docket No. 24) is
      <u>ALLOWED</u>;

6.    Defendants' request to strike plaintiffs' Opposition to the
      Motion to Dismiss (contained in the Opposition, Docket No.
      27) is <u>DENIED</u>;

7.    Defendants' Motion to Dismiss (Docket No. 14) is <u>DENIED</u>
      without prejudice as moot; and

8.    Plaintiffs' request for service of a copy of the City of
      Boston's Memorandum in Support of the Motion to Dismiss
      (Docket No. 25) is <u>ALLOWED</u> and counsel for the City of
      Boston is directed to send plaintiffs the requested
      document.


SO ORDERED.

                              <u>/s/ Patti B. Saris</u>
                              UNITED STATES DISTRICT JUDGE