UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
SELENA V. CRUTHIRD, ET AL.,     )
      Plaintiffs,               )
                                )
              v.                )
                                )    CIVIL ACTION NO. 10-10438-PBS
                                )
BOSTON POLICE DEPARTMENT,       )
ET AL.,                         )
      Defendants.               )
```

MEMORANDUM AND ORDER
November 3, 2010

SARIS, D.J.

## I.   INTRODUCTION

This removed action involves a claim, *inter alia*, under 42 U.S.C. § 1983 by plaintiff Selena Cruthird ("Selena") stemming from an incident in which she alleges she was falsely arrested for shoplifting a hair coloring product.[1]  Selena claims that Boston Police Officers Anthony Alexis and Kurt Stokinger used excessive force to effectuate a warrantless arrest without probable cause.  She also alleges that the City of Boston, Mayor Menino, and Police Commissioner Davis have demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.  Her husband, plaintiff Dwayne Cruthird ("Dwayne"), asserts a loss of consortium claim based on the alleged emotional injuries to Selena.

On April 28, 2010, this Court dismissed this case after a conference.  The dismissal was based, in part, on Selena's

---

[1]Plaintiffs assert various state law claims as well.

failure to appear at the conference, as well as Dwayne's failure to state a plausible loss of consortium claim in light of the fact that he is incarcerated.

Thereafter, on June 3, 2010, this Court issued a Memorandum and Order (Docket No. 29) reopening this action and permitting plaintiffs to file their proposed Amended Complaint (Docket No. 21-1), which became the operative pleading in this action.  This Court also directed that Selena's husband, Dwayne, as a non-attorney, could not represent her in this action.  Selena was instructed that if she elected to prosecute this action, she needed to file, by June 10, 2010, a Notice of Intent to Proceed *Pro Se*, indicating: (1) that she understood that her husband was not authorized to act on her behalf in this Court; and (2) that she intended to prosecute this action *pro se* unless represented by licensed counsel.  On June 18, 2010, Selena filed the required Notice, albeit late. (Docket No. 37).

In response to this Court's Memorandum and Order (Docket No. 29), on June 8, 2010, defendant Jacques LeFevre ("LeFevre") of Andre's Beauty Supply Inc., filed a Motion to Dismiss and for a Separate and Final Judgment (Docket No. 30) on the ground that the Amended Complaint did not name him as a defendant.[2]  LeFevre concedes that the prayers for relief seek monetary damages

---

[2]Andre's Beauty Supply was not named as a defendant in the Amended Complaint, nor was there any request for damages asserted against it.

against him, but contends that the body of the Amended Complaint addresses the alleged wrongful actions of the two police officers and the other defendants, but contains no allegations of wrongful conduct by him that would set forth a claim upon which relief may be granted.

Selena and Dwayne oppose LeFevre's Motion to Dismiss (Opposition, Docket No. 36 (styled as a Motion to Deny Motion for Separate and Final Judgment)) on the grounds that the Amended Complaint refers specifically to defendant LeFevre (<u>see</u> Am. Compl. at ¶ 10) and it seeks monetary damages from him in the prayer for relief.

In addition to LeFevre's Motion to Dismiss, the remaining defendants filed several Motions to Dismiss, including: (1) a Motion to Dismiss for Lack of Prosecution (Docket No. 31), filed by Anthony Alexis, Boston Police Department, City of Boston, Commissioner Edward Davis, Mayor Thomas Menino, and Kurt Stokinger (based on the untimely filing of Selena's Notice of Intent to Proceed *Pro Se*); (2) a Motion to Dismiss (Docket No. 32), filed by Anthony Alexis and Kurt Stokinger (based on the assertion that these officers had probable cause to arrest and in any case were entitled to qualified immunity); and (3) a Motion to Dismiss (Docket No. 34) filed by the Boston Police Department, the City of Boston, Commissioner Edward F. Davis, and Mayor

Thomas Menino (addressing the lack of merits of the claims against each).

On July 7, 2010, this Court entered three Electronic Orders, granting three of the four motions to dismiss, namely, the Motion to Dismiss for Lack of Prosecution (Docket No. 31), the police officers' Motion to Dismiss (Docket No. 32), and the state and city officials' Motion to Dismiss (Docket No. 34), as each motion was not opposed.

On July 16, 2010, however, plaintiffs filed an Opposition to the motions to dismiss (Docket No. 38)(dated July 15, 2010), a Memorandum in Opposition (Docket No. 39)(dated July 15, 2010); an Affidavit of Antoinette Richardson (Docket No. 4)(dated July 1, 2010), and Motion to Strike LeFevres' Affirmative Defenses (Docket No. 41) (dated July 9, 2010).  LeFevre filed an Opposition to the Motion to Strike (Docket No. 42) on July 19, 2010.

On July 19, 2010, defendant LeFevre filed a Motion to Dismiss for Failure to State a Claim (Docket No. 43), arguing, *inter alia*, that Massachusetts law allows a merchant to detain persons where there are reasonable grounds to believe the person committed or attempted to commit a larceny of goods for sale on the premises.  See Mass. Gen. Laws ch. 231, § 94.

The next day, plaintiffs filed a Motion to Reopen Case (Docket No. 44) on the ground that the clerk miscalculated the

time period for response to the defendants' motions to dismiss, and thus their opposition was timely filed.

On July 27, 2010, plaintiffs filed a Motion to Preserve or Impound Andres Beauty Supply Store Video (Docket No. 46), and a Motion for Limited Discovery on Claim for Loss of Consortium (Docket No. 47).  They also filed a Supplemental Opposition to the City's Motion to Dismiss (Docket No. 45) arguing that proper presentment was made under the Massachusetts Tort Claims Act.

On July 28, 2010, defendant LeFevre filed a Response to the Motion to Preserve Evidence (Docket No. 49), agreeing to preserve the surveillance video, to make copies, and provide it to the plaintiffs and to the Court.

On July 29, 2010, defendants filed an Opposition to plaintiffs' Motion to Reopen (Docket No. 50), on the grounds that plaintiffs have demonstrated an unwillingness to comply with Court Orders and deadlines.

On August 6, 2010, this Court entered an Electronic Order granting the Motion to Preserve or Impound Evidence (Docket No. 46) and an Electronic Order granting in part the Motion to Reopen (Docket No. 44) with respect to Selena Cruthird only.  The case was not reopened with respect to Dwayne Cruthird's loss of consortium claim.

On August 27, 2010, defendants Anthony Alexis and Kurt Stokinger filed a renewed Motion to Dismiss (Docket No. 51) along

with a Memorandum in support (Docket No. 52).  That same day,
defendants Boston Police Department, City of Boston, Edward F.
Davis, and Thomas Menino also filed a renewed Motion to Dismiss
(Docket No. 53) and a Memorandum in Support (Docket No. 54).
These motions are virtually identical and, essentially, renew the
arguments raised in the defendants' prior motions to dismiss
(Docket Nos. 32 and 34).

On September 29, 2010, Selena Cruthird filed a Motion for
Appointment of Counsel (Docket No. 57), a Motion to Voluntarily
Dismiss all Claims Against Davis, Menino and Boston Police
Department (Docket No. 58), and an Opposition to Defendants'
Motion to Dismiss (Docket No. 59), relying on all previously-
filed Oppositions and Affidavits.  She also filed a Memorandum in
Opposition (Docket No. 60) and two Affidavits (Docket Nos. 61 and
62).

On October 4, 2010, defendant Jacques LeFevre filed an
Opposition to the motion for counsel (Docket No. 63).  The same
day, defendants Anthony Alexis, Boston Police Department, City of
Boston, Edward F. Davis, Thomas Menino, and Kurt Stokinger filed
a Motion for a Protective Order (Docket No. 64), along with a
Memorandum in support (Docket No. 65).  Defendants seek a
protective order to remove sensitive information from the Court's
CM/ECF system filed as part of Plaintiff's Opposition to the
motions to dismiss, and protect defendants from providing

discovery of any information designated as confidential.
Additionally, these defendants filed a Motion to Strike
Plaintiff's Opposition, and incorporated an opposition to Selena
Cruthird's Motion to Appoint Counsel (Docket No. 66).  Defendants
contend that Selena Cruthird's Opposition should be stricken as
untimely.

On October 26, 2010, plaintiff Selena Cruthird filed an
unsigned and undated Opposition to the defendants' Motion for a
Protective Order (Docket No. 68), asserting that the transcript
of the 911 call is relevant and necessary for "verbal
completeness."  Additionally, plaintiff filed an Opposition to
Strike Pleading Due to "Unclean Hands" of Defendants' Counsel
(Docket No. 69).  She asserts that defense counsel intentionally
delayed serving pleadings on her in order to justify the request
for dismissal for untimely responses.

That same day, defendants filed a defendants' Motion for
Leave to File Reply to Plaintiff's Opposition to Their Motion to
Strike (Docket No. 67).  Defendants contend that plaintiff's
Opposition was untimely even if she did not receive a copy of the
defendants' Motion to Dismiss until September 6, 2010, because
the Opposition was not filed until September 27, 2010.
Additionally, defendants wholly dispute plaintiff's assertion
that defense counsel's tactics in mailing pleadings were
dilatory, and attribute any delay to an inadvertent oversight.

7

At this juncture, the 11 pending motions are: (1) defendant LeFevre's Motion to Dismiss and for Separate and Final Judgment (Docket No. 30); (2) plaintiffs' Motion to Strike (Docket No. 41); (3) defendant LeFevre's Motion to Dismiss (Docket No. 43); (4) plaintiffs' Motion for Discovery (Docket No. 47); (5) defendants Alexis and Stokinger's Motion to Dismiss (Docket No. 51); (6) defendants Boston Police Department, City of Boston, Commissioner Davis, and Mayor Menino's Motion to Dismiss (Docket No. 53); (7) plaintiff Selena Cruthird's Motion to Appoint Counsel (Docket No. 57); (8) plaintiff Selena Cruthird's Motion to Voluntarily Dismiss Certain Claims (Docket No. 58); (9) defendants' Motion for a Protective Order (Docket No. 64); (10) defendants' Motion to Strike Opposition (Docket No. 66); and defendants' Motion for Leave to File Reply to plaintiff's Opposition to Their Motion to Strike (Docket No. 67).

## II. DISCUSSION

A.   Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations in a Complaint (or Amended Complaint) must "possess enough heft" to set forth "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Dismissal for failure to state a claim is appropriate if the Complaint (or here, the Amended Complaint) fails to set forth

8

"'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)(quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 545.

More recently, the United States Supreme Court explained in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... [And] where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1949-50.

With this standard in mind, the Court turns to the pending motions to dismiss and other pending motions.

B.  LeFevre's Motion to Dismiss and For Separate and Final Judgment (Docket No. 30); LeFevre's Motion to Dismiss for Failure to State a Claim (Docket No. 43); and Plaintiffs' Motion to Strike Affirmative Defenses (Docket No. 41)

With respect to LeFevre's two motions to dismiss and Selena's motion to strike his affirmative defenses, upon careful review of the Amended Complaint (which has been held to be the

operative pleading in this action), this Court agrees with
LeFevre that the Amended Complaint fails to state a claim upon
which relief may be granted against him.  Significantly, he is
not mentioned in any of the Counts of the Complaint.  In her
opposition, Selena cites to paragraph 10 of the Amended Complaint
to support the position that she has set forth a claim against
LeFevre.  Paragraph 10, however, simply identifies LeFevre as an
intended defendant, stating: "[a]t all times relevant to this
action, Defendant Jacques LeFevre was the manager of Andre's
Beauty Supply, 90 River Street, Mattapan, MA 02126."  Am. Compl.
at ¶ 10.  This paragraph does not set forth any underlying
factual allegations that would give rise to a plausible basis for
liability.  Further, the fact that Selena seeks a monetary
judgment against LeFevre in the prayer for relief is also
insufficient, standing alone or even in combination with
paragraph 10, to state a claim upon which relief may be granted.

Next, the Court has considered the factual allegations in
the Amended Complaint and attached exhibits as they relate to
LeFevre.  Over Selena's protestation Officers Alexis and
Stokinger arrested her.  When the officers decided to take Selena
into custody, LeFevre told them that she did <u>not</u> steal the hair
product and the he did not wish to pursue any legal action
against her.  Selena contends that the two officers ignored

10

LeFevre and arrested her "<u>at the request, counsel, and command of</u> <u>one another's own judgment, rather than at the request of</u> <u>Defendant LeFevre</u>."  Am. Compl. at ¶ 23 (emphasis added).[3]  Even under a broad reading of the Amended Complaint, and giving all reasonable inferences from the allegations because Selena is proceeding *pro se*, Selena still has not stated a federal civil rights claim upon which relief may be granted against LeFevre.

Accordingly, LeFevre's Motion to Dismiss (Docket No. 43) the federal claim is <u>ALLOWED</u>.  Plaintiff's Motion to Strike LeFevre's Affirmative Defenses (Docket No. 41) is <u>DENIED</u> for lack of good cause and for the reasons set forth in LeFevre's Opposition (Docket No. 42).  Additionally, LeFevre's Motion to Dismiss (Docket No. 30) is <u>ALLOWED</u>; however, the request for a separate and final judgment is <u>DENIED</u>, because LeFevre has failed to demonstrate good cause why a separate and final judgment should issue.

With respect to any state law claims asserted by Selena against LeFevre (to the extent there are any), this Court

---

[3]Thereafter, Selena was tried in the Dorchester District Court on the charges of shoplifting, disorderly conduct and trespassing. She was acquitted of all charges.

11

declines to exercise supplemental jurisdiction over such claims

in the absence of a *bona fide* federal claim.[4]

In light of this ruling, the Motion to Strike LeFevre's

Affirmative Defenses (Docket No. 41) is <u>DENIED</u> without prejudice.

C.   <u>Defendants' Motion to Dismiss For Lack of Prosecution
     (Docket No. 31)</u>

As noted above, on July 7, 2010, this Court allowed each of

the motions to dismiss (Docket Nos. 31, 32, and 34) as unopposed.

However, nine days after these rulings, plaintiffs filed an

Opposition and supporting materials.  In view of this, the Court

vacated these dismissals, but only as to Selena's claims.  After

this case was reopened, the defendants filed renewed motions to

dismiss (Docket Nos. 51 and 53), as to which Selena failed to

file timely Oppositions.  In light of the posture of this case,

the Court reconsiders the Motion to Dismiss for Lack of

Prosecution (notwithstanding that it is not a pending motion in

this case).

---

[4]Under 28 U.S.C. § 1367, a "district court may decline to
exercise supplemental jurisdiction" if the district court has
dismissed all claims under which it has original jurisdiction."
28 U.S.C.  § 1367(c); <u>see</u> <u>Claudio-Gotay v. Becton Dickinson
Caribe, Ltd.</u>, 375 F.3d 99, 104 (1st Cir. 2004)(citing <u>Rodriquez
v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995)("As a
general principle, the unfavorable disposition of a plaintiff's
federal claims at the early stages of a suit, well before the
commencement of trial, will trigger the dismissal without
prejudice of any supplemental state-law claims.").

In that motion, Defendants Boston Police Department, City of Boston, Mayor Menino and Commissioner Davis (as well as Officers Alexis and Stokinger) argue that this case should be dismissed because Selena failed to file her Notice of Intent to proceed *Pro Se* within the seven (7) day deadline set by this Court. Specifically, her Notice of Intent was due on June 10th, and Selena did not file it until June 18, 2010.[5]

This Court previously overlooked Selena's non-compliance with the Orders of the Court and permitted this action to be re-opened despite the dismissal based on her failure to attend the scheduling conference as directed.  The basis for this ruling was that Selena had provided an excuse sufficient to demonstrate good cause why she did not appear; however, with respect to the untimely filing of the Notice of Intent to proceed *Pro Se*, Selena has not provided any excuse for her untimely filing. Nevertheless, this Court will not dismiss Selena's claims based on these grounds, but will address the merits of the claims instead.

---

[5]The Notice of Intent also was dated June 18, 2010.

13

D.  <u>Defendants' Motion to Strike Opposition (Docket No. 66)</u> and
    <u>Motion for Leave to File Reply to Opposition to Motion to</u>
    <u>Strike (Docket No. 69)</u>

Although it is true that Selena failed to file a timely

Opposition to the motions to dismiss, her initial Opposition was

filed only eight days late.  Additionally, notwithstanding that

Selena also failed to file a timely Opposition to the renewed

motions to dismiss, this Court considers all of her arguments

contained in both her earlier Oppositions and in her late-filed

Opposition and supporting documents (Docket Nos. 59-62, 69), in

which she relies, in part, on her earlier-filed Opposition.

Further, the Court <u>ALLOWS</u> defendants' Motion for Leave to File

Reply to Opposition to Motion to Strike (Docket No. 69); however,

this pleading does not alter the view that all materials filed by

Selena should be considered.

Accordingly, defendants' Motion to Strike Opposition (Docket

No. 66) is <u>DENIED</u>.

E.  <u>The Motion to Dismiss by Defendants Stokinger and Alexis</u>
    <u>(Docket No. 51)</u>

In their renewed Motion to Dismiss (Docket No. 51),

defendants Stokinger and Alexis contend that they had probable

cause to arrest based on the store owner's call to the police

14

reporting that Selena had shoplifted.[6]   Selena alleges that

Officer Stokinger did not simply rely on the statements by

LeFevre; he also reviewed the surveillance video at the store,

and observed that Selena did, in fact, pass a hair coloring

product to her friend, and walked away without returning the item

to the shelf.   However, she also alleges that the videotape was

"inconclusive" and that a subsequent search did not uncover

evidence of shoplifting, and therefore no arrest should have been

made.   Moreover, and significantly, she alleges that LeFevre told

these officers that she did not steal the hair product and that

he did not wish to pursue any legal action against her.   Further,

Selena alleges that the arrest was based on racial animus and/or

---

[6]Under Massachusetts law, the statement of a merchant or his
employee or agent that a person has shoplifted constitutes
probable cause for arrest by a law enforcement officer authorized
to arrest within that jurisdiction.  Mass. Gen. Laws ch. 266,
§ 30A (providing, in relevant part: "Law enforcement officers may
arrest without warrant any person he has probable cause for
believing has committed the offense of shoplifting as defined in
this section.  The statement of a merchant or his employee or
agent that a person has violated a provision of this section
shall constitute probable cause for arrest by any law enforcement
officer authorized to make an arrest in such jurisdiction.").
See Forest v. Pawtucket Police Dept., 377 F.3d 52, 57 (1st Cir.
2004)("This court has affirmed that police officers can
justifiably rely upon the credible complaint by a victim to
support a finding of probable cause.); B.C.R. Transport Co., Inc.
v. Fontaine, 727 F.2d 7, 10 (1st Cir. 1984)(noting that although
not a per se rule, a probable cause determination based on
information provided by the victim generally is considered
reliable).

in retaliation for the exercise of Selena's First Amendment rights because she asked the officers for their badge numbers and protested her innocence.

In light of all of this, this Court concludes that Selena has set forth a federal claim for unlawful arrest and retaliation.  However, Selena fails to set forth a claim based on the use of excessive force.  To the extent Selena bases an excessive use of force claim because she was handcuffed, this assertion in insufficient to state a plausible claim. Handcuffing alone does not constitute an excessive force claim, and Selena provides no underlying factual support for an inference that she suffered any physical injuries as a result.[7]

---

[7]See DeToledo v. County of Suffolk, 379 F. Supp. 2d 138, 145 n.13 (D. Mass. 2005)("Handcuffing a detainee is a standard police practice.  Absent evidence that the handcuffs were incorrectly applied, or were applied so as to cause physical injury, their use does not constitute excessive force.") citing, *inter alia*, Neague v. Cynkar, 258 F.3d 504, 508 (6th Cir. 2001) and Brumfield v. Jones, 849 F.2d 152, 156 (5th Cir. 1988) (plaintiff's complaint that handcuffing caused him "discomfort" was insufficient to sustain an excessive force claim).  Additionally, to the extent Selena asserts a claim of malicious prosecution against these two officers, the claim fails because "the commencement of a criminal case by the institution of legal process marks the dividing line between claims of false imprisonment and claims of malicious prosecution, making those species of claims legally separate and distinct."  Harrington v. City of Nashua, 610 F.3d 24, 29 (1st Cir. Jun. 29, 2010) citing Wilkins v. DeReyes, 528 F.3d 790, 799 n.5 (10th Cir. 2008) and Fox v. DeSoto, 489 F.3d 227, 235 (6th Cir. 2007).  Thus, the two officers are not the proper defendants in a malicious prosecution claim.

Next, defendants contend that they are entitled to qualified immunity under these circumstances.  The Court finds, however, that this issue cannot be resolved when all reasonable inferences are drawn in favor of Selena.

Accordingly, defendants' Motion to Dismiss Selena's federal claims is DENIED with respect to her claims against the police officers in their individual capacities, and DENIED with respect to Selena's state tort claims of Intentional Infliction of Emotional Distress and claims under the Massachusetts Civil Rights Act.  However, Selena's negligence claims (negligence and negligent infliction of emotional distress) against Officers Stokinger and Alexis are not cognizable.  Defendants argue that her claims against the individual officers, as public employees, are barred by the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 2 (providing that public employers shall be liable for injuries caused by the negligent or wrongful acts or omissions of any public employee while acting within the scope of employment).  The defendants further contend that the City of Boston, as the public employer, is the sole entity answerable for Selena's alleged injuries and they assert that they are immune from negligence suits.  Selena does not address the defendants' arguments, and the Court finds the defendants' arguments to be

well founded.  Accordingly, the defendants' Motion to Dismiss

(Docket No. 51) is <u>ALLOWED</u> as to the negligence claims.

     Finally, although Selena asserts arguments in her Opposition

with respect to claims of malicious prosecution and abuse of

process, a review of the Amended Complaint (Docket No. 21-1) does

not contain separate Counts for relief either for malicious

prosecution or abuse of process.[8]  As the Amended Complaint is

the operative pleading, the Court deems that these tort claims

are not part of this action.

F.   <u>The Motion to Dismiss by the Boston Police Department,
     Commissioner Davis, City of Boston, and Mayor Menino (Docket
     No. 53); and Plaintiff's Motion to Voluntarily Dismiss
     Certain Claims (Docket No. 58)</u>

     The renewed Motion to Dismiss filed by defendants Boston

Police Department, Commissioner Davis, City of Boston, and Mayor

Menino, (Docket No. 53) is based on the following contentions:

(1) the Boston Police Department is not a legal entity subject to

suit; (2) the claims against the Mayor and Commissioner in their

official capacity are the equivalent of a claim against the City

of Boston; (3) Selena failed to make proper presentment on the

City of Boston under the Massachusetts Tort Claims Act, Mass.

---

[8]Count I asserts negligence; Count II asserts negligent training
and supervision; Count III asserts Intentional/Negligent
Infliction of Emotional Distress; Count IV asserts § 1983 claims;
and Count V asserts claims under the Massachusetts Civil Rights
Act.

Gen. Laws ch. 258, § 4; (4) the claims against the Mayor and Commissioner that are asserted in their individual capacities are not cognizable because they are immune from negligence suits under the Massachusetts Tort Claims Act; (5) Selena's negligence claims against the City of Boston are barred under the Massachusetts Tort Claims Act; and (6) Selena has not pled sufficient facts to support a <u>Monell</u> civil rights claim against the City of Boston.[9]   Again, this Court takes into account Selena's earlier filed Opposition to the original Motion to Dismiss (Docket No. 34).

On September 29, 2010, Selena filed a Motion to Voluntarily Dismiss (Docket No. 58), as to defendants Commissioner Davis, Mayor Menino, and the Boston Police Department.  With respect to Selena's claims against these three defendants, the Court <u>ALLOWS</u> the Motion to Voluntarily Dismiss all claims against them. However, Selena has not sought to dismiss the claims against the City of Boston, and therefore this Court must delve into the merits of those claims.

---

[9]<u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978)(holding that local governments (such as a municipality) could be held liable only when the constitutional deprivation arises from a governmental custom that, even if not in writing, involves unlawful practices by state officials that are so permanent and well settled as to constitute a "custom or usage" with the force of law).

With respect to the claims against the City of Boston, the Court agrees with the defendants that Selena has failed to set forth factual allegations necessary to support her § 1983 claim under Monell, 436 U.S. at 691.  In order to prove a Monell civil rights claim under 42 U.S.C. § 1983 against the City of Boston, Selena must show that: (1) the two police officers were acting under color of law when they violated her constitutional rights; (2) the City of Boston had an unconstitutional policy, custom or practice of failing to investigate, discipline or supervise its officers; (3) this custom, policy, and practice was such that it demonstrated a deliberate indifference to the rights of those citizens with whom its officers come into contact; and (4) the custom, policy or practice was the moving force behind the officers' violation of Selena's constitutional rights.  Id. at 690; Young v. City of Providence, 404 F.3d 4, 25-26 (1st Cir. 2005).  Moreover, the City of Boston may only be liable under § 1983 for a custom, policy or practice of failing to discipline or supervise its officers if that failure "amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact."  DiRico v. City of Quincy, 404 F.3d 464, 468-469 (1st Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)); Bordanaro v. McLeod, 871 F.2d 1151, 1159 (1st Cir. 1989).

Here, there are no facts, nor reasonable inferences to be drawn, that would support the conclusory allegation of a custom or practice of the City of Boston violative of Selena's civil rights.  Further, Selena fails to set forth any underlying factual allegations to support a claim for improper training or supervision.

Finally, although the defendants have argued the lack of merits with respect to any claims by Selena under the Massachusetts Tort Claims Act or any other state law claims,[10] this Court declines to exercise supplemental jurisdiction over the state law claims in the absence of a *bona fide* federal claim against the City of Boston.

Accordingly, this Court ALLOWS the City of Boston's Motion to Dismiss (Docket No.53) in its entirety.  Any state law claims asserted in the Amended Complaint are dismissed without prejudice to reassert in the state forum.

---

[10]For instance, defendants contend that to the extent Selena sues the Mayor and Commissioner in their individual capacities based on their alleged negligence, the claims fail because the Massachusetts Tort Claims Act bars claims against public employees such as the Mayor and Commissioner.  See Mass. Gen. Laws ch. 258, § 1.

G.   <u>Dismissal of Dwayne Cruthird's Loss of Consortium Claim</u>;
     <u>and The Motion for Limited Discovery (Docket No. 47)</u>

     This Court previously dismissed Dwayne Cruthird's loss of

consortium claim and declined to reopen this action as to that

claim.  Mr. Cruthird is in custody and has not explained how he

has a lack of consortium, *i.e.*, companionship, caused by this

arrest.  As such, this Court declines to reopen this action as to

Dwayne's loss of consortium claim.

     In light of this, there is no need for limited discovery,

and Dwayne's Motion for Limited Discovery on the Loss of

Consortium Claim (Docket No. 47) is <u>DENIED</u>.

H.   <u>The Motion for Appointment of Counsel (Docket No. 57)</u>

     Under 28 U.S.C. § 1915(e)(1), the court "may request an

attorney to represent any person unable to afford counsel."  28

U.S.C. § 1915(e)(1).[11]  However, a civil plaintiff lacks a

constitutional right to free counsel.  <u>Desrosiers v. Moran</u>, 949

F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment

of counsel, a party must be indigent and exceptional

_____

[11]In this District, there is no Plan authorizing the payment for
counsel appointed for civil litigants such as the Plaintiff. Any
appointment of counsel would therefore be contingent upon the
availability of *pro bono* counsel to accept voluntarily an
appointment. *cf*. 18 U.S.C. § 3006A (providing for appointment of
counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and
motions under § 2255 and for payment under the Criminal Justice
Act).

circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  <u>Id.</u>  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  <u>Id.</u> at 24.

Here, Selena has asked this Court to appoint counsel for her because, although she is employed, she is financially unable to afford counsel, and because she is not capable of litigating this case on her own without the assistance of an attorney.

The Court finds these contentions to be insufficient.  This case does not present exceptional circumstances nor does it involve complex issues of law or fact, or novel legal issues. There is no indication that Selena does not have a proficiency in the English language, or that she is wholly unfamiliar with legal concepts or procedures.

In short, the Court must weigh the merits of the case with the use of scarce *pro bono* resources.  On the balance, the use of such resources is not justified, particularly where Selena has not stated whether she has made any efforts on her own to obtain legal representation on a contingent fee basis or otherwise.

Accordingly, Selena's Motion for Appointment of Counsel (Docket No. 57) is <u>DENIED</u>.  The Clerk shall send Selena a list of Legal Service Providers that the Court gives to litigants who wish to make their own efforts to seek legal advice, assistance, or representation at low cost or no cost.  Finally, Selena is advised again that her husband may not represent her in this action, and she must continue to proceed *pro se* unless she obtains duly-licensed counsel to represent her.

I.   <u>Defendants' Motion for a Protective Order (Docket No. 64)</u>

The defendants' Motion for a Protective Order seeks to seal the transcript of the 911 calls from the date of the incident since they contain other 911 calls that have no relation to this lawsuit.  Defendants contend the 911 transcript contains sensitive Boston police department information, such as code identifiers for Boston police officers.  Defendants further seek to limit the disclosure of the personnel files of Officers Alexis and Stokinger and internal affairs files, which contain sensitive information, as well as other information relating to members of the public not involved in this lawsuit.  Selena has opposed the motion on completeness grounds.  Her Opposition (Docket No. 68) is unsigned and untimely, however, the Court has considered the arguments contained therein.

The Motion for a Protective Order (Docket No. 64) is <u>ALLOWED</u>
to the extent that the Court prohibits the parties from filing,
for the public record, confidential information (as defined by
the proposed Protective Order (Docket No. 65-1)) unless prior
permission of the Court is obtained upon motion to file, in
accordance with this Court's Local Rules regarding motion
practice.  The motion is also <u>ALLOWED</u> to the extent that the
Clerk shall seal the transcript of the 911 call, Exh. C. to
Memorandum in Opposition (Docket No. 60-1), and the defendants
are directed to file a <u>redacted</u> version for the public record,
containing the relevant transcription for this action that
includes all portions of the 911 call relating to the incident
that is the subject of this action.

With respect to the request regarding discovery, the Motion
for a Protective Order is <u>DENIED</u> without prejudice to renew when
a specific request for discovery implicates issues of
confidentiality, upon a motion filed in accordance with Local
Rule 7.1 (directing the movant to certify that the parties
conferred and attempted in good faith to resolve or narrow the
issue).[12]

---

[12]The instant motion contains no certification pursuant to Local
Rule 7.1.

### III.   CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.   Defendant LeFevre's Motion to Dismiss (Docket No. 43) is
     <u>ALLOWED</u> with respect to plaintiff Selena Cruthird's federal
     claims;

2.   Defendant LeFevre's Motion to Dismiss (Docket No. 30) is
     <u>ALLOWED</u> with respect to Selena Cruthird's federal claims;
     however, the Motion to Dismiss is <u>DENIED</u> with respect to the
     request for entry of separate and final judgment;

3.   Plaintiff Selena Cruthird's Motion to Strike LeFevre's
     Affirmative Defenses (Docket No. 41) is <u>DENIED</u>;

4.   The Court declines to exercise supplemental jurisdiction
     over any state law claims raised by plaintiff Selena
     Cruthird against defendant LeFevre, and these claims are
     <u>DISMISSED</u> without prejudice;

5.   Plaintiff Dwayne Cruthird's Motion for Limited Discovery on
     the Loss of Consortium Claim (Docket No. 47) is <u>DENIED</u>; the
     Court declines to vacate the dismissal of Dwayne Cruthird's
     Loss of Consortium claim;

6.   Defendant Stokinger and Alexis's Motion to Dismiss (Docket
     No. 51) is <u>DENIED</u> with respect to plaintiff Selena
     Cruthird's federal claims, and with respect to the state
     claims of Intentional Infliction of Emotional Distress and
     claims under the Massachusetts Civil Rights Act; the Motion
     to Dismiss is <u>ALLOWED</u> as to all negligence claims.

7.   Plaintiff Selena Cruthird's Motion to Voluntarily Dismiss
     Claims (Docket No. 58) is <u>ALLOWED</u>.  All claims of plaintiff
     Selena Cruthird against defendants Boston Police Department,
     Commissioner Edward F. Davis, and Mayor Thomas Menino are
     <u>DISMISSED</u>.

8.   Defendants' Motion to Dismiss (Docket No. 53) with respect
     to plaintiff Selena Cruthird's claims against Boston Police
     Department, Commissioner Edward F. Davis, and Mayor Thomas
     Menino are <u>DENIED</u> as moot in view of the voluntary dismissal
     of all claims;

9.   Defendants' Motion to Dismiss (Docket No. 53) with respect
     to plaintiff Selena Cruthird's claims against the City of
     Boston are <u>ALLOWED</u> as to the federal claims.

10.  The Court declines to exercise supplemental jurisdiction
     over any state law claims raised by plaintiff Selena
     Cruthird against defendant City of Boston, and these claims
     are <u>DISMISSED</u> without prejudice;

11.  Defendants' Motion to Strike Opposition (Docket No. 66) is
     <u>DENIED</u>;

12.  Defendants' Motion for Leave to File Reply to Plaintiff's
     Opposition to Their Motion to Strike (Docket No. 67) is
     <u>ALLOWED</u>;

13.  Plaintiff Selena Cruthird's Motion for Appointment of
     Counsel (Docket No. 57) is <u>DENIED</u>;

14.  Defendants' Motion for a Protective Order (Docket No. 64) is
     <u>ALLOWED</u> in part and <u>DENIED</u> in part; defense counsel shall
     consult with the docket clerk to ensure confidential
     information is sealed on the docket and to substitute a
     redacted version for the public record.  The parties shall
     not file for the public record any confidential information
     absent prior permission of the Court; and any request for a
     protective order with respect to discovery of confidential
     information must be made in a motion that complies with
     Local Rule 7.1; and

15.  A further scheduling conference shall be set to address
     discovery matters and the filing of summary judgment
     motions.  The case is referred to Magistrate Judge Leo T.
     Sorokin for all pretrial management.


SO ORDERED.


                              /s/ Patti B. Saris
                              UNITED STATES DISTRICT JUDGE